IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZARAGON HOLDINGS, INC., <br> an Illinois Corporation, <br> <br> Plaintiff, <br> vs. <br> <br> INDIAN HARBOR INSURANCE COMPANY, <br> a North Dakota Corporation, <br> <br> Defendant. | Case No.: 08cv111 |

**MOTIONS TO DISMISS, FOR MORE DEFINITIVE
STATEMENT, AND TO STRIKE**

NOW COMES Defendant INDIAN HARBOR INSURANCE COMPANY (hereinafter, "Indian Harbor"), by and through its attorneys, McDonald & McCabe, LLC, and moves this Honorable Court for an order dismissing, with prejudice, Plaintiff ZARAGON HOLDINGS, INC.'s (hereinafter, "Zaragon") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

In the alternative, Indian Harbor respectfully requests that this Court enter an order pursuant to Federal Rule of Civil Procedure 12(e) compelling Zaragon to provide a more definite statement concerning the alleged causes of action sought and clarifying defects contained within the insurance policies attached to Zaragon's Complaint, and marked Plaintiff's Exhibit A.

In the alternative, if this Court determines that Indian Harbor is not entitled to an order of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), Indian Harbor requests this Court to strike immaterial portions of the Complaint, as described below, in accordance with its authority under Federal Rule of Civil Procedure 12(f).

In support thereof, and as further explained in Indian Harbor's accompanying Memorandum of Law, Indian Harbor states as follows:

1. On December 7, 2007, Zaragon sued Indian Harbor in the Circuit Court of Cook County, Illinois, Law Division, under Case No. 2007L013719 ("Action"). Zaragon's complaint ("Complaint") alleges property damage, breach of contract, and vexatious and unreasonable denial of claim.

2. On January 7, 2007, Indian Harbor petitioned this Court to remove the Action to the Northern District of Illinois, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441.

## BACKGROUND INFORMATION

3. Zaragon was the Named Insured of a Commercial Property Policy, policy number FCI 003 8380, with Indian Harbor, that was effective between August 15, 2006, and August 15, 2007 ("Policy"). See Plaintiff's Exhibit A, page 1. The Policy insured against property losses from certain defined perils to several of Zaragon's properties in the States of Kentucky and Connecticut, including buildings 9403, 9414, and 9419 in Regent Park Apartments in Louisville, Kentucky ("Premises").

4. The Action arises out of a dispute concerning insurance coverage for losses Zaragon suffered due to alleged damages to roofs and first level apartments of the Premises on or about September 23, 2006, when a rain storm allegedly passed through Louisville, Kentucky.

## FRCP 12(b)(6) MOTION TO DISMISS

5. Count II of Zaragon's Complaint invokes Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 (Compl. Count II ¶ 17) and alleges that Indian Harbor "violated Illinois law to the detriment of Plaintiff" (Compl. Count II ¶ 18).

6. Count III of Zaragon's Complaint again invokes Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 (Compl. Count III ¶ 15) alleging that Indian Harbor violated this statute.

7. Contrary to the assertions in the Complaint, Zaragon cannot look to Illinois law to determine the parties' respective rights and duties. Kentucky law, as the site of the Premises, the location of the loss, and the State with the most significant contacts, governs this action. *See e.g. West Suburban Bank of Darien v. Badger Mutual Insurance Co.*, 141 F.3d 720, 724 (7th Cir. 1998); *Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1122-23 (7th Cir. 1998); *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1115 (7th Cir. 1995).

8. Federal Rule of Civil Procedure 12(b)(6) permits this Court to dismiss a pleading where the pleading fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

9. Zaragon's relief, if any, must arise out of Kentucky law. By invoking, as the basis of Zaragon's alleged rights, law that has no application to the Action, Zaragon has failed to present claims upon which relief may be granted in Counts II and III of the Complaint.

10. Furthermore, Counts I, II, and III, incorporate by reference the insurance policy Zaragon has attached as Plaintiff's Exhibit A. Compl. Count I ¶ 2, Compl. Count II ¶ 1-11, Compl. Count III ¶ 1-11.

11. As noted above, in Paragraph 3, Plaintiff's Exhibit A, page 1, clearly indicates that the policy that was in force at the time of the alleged loss was Indian Harbor policy number FCI 003 8380. The materials provided in Exhibit A, however, plainly do not correspond with the actual contents of policy FCI 003 8380.

12. Plaintiff's Exhibit A, page 5, is a "Forms Schedule." This schedule notes that it modifies policy number FCI 002 8479.[1]

13. Plaintiff's Exhibit A, page 14, contains a "listing of forms;" however, the upper right corner indicates that this list is part of policy Y-630-561K5601-TCT-05. A stamp in the upper left corner suggests that this list is for a policy issued by St. Paul Travelers Insurance Company. The "Deluxe Property Coverage Part" and "Deluxe Property Coverage Form" (DX T1 00 03 98) that follows is described on the mentioned "listing of forms" and is part of St. Paul Travelers policy Y-630-561K5601-TCT-05.

14. By invoking rights granted by policies that were not in effect at the time of the loss or issued by Indian Harbor, Zaragon has again failed to present a claim upon which relief may be granted.

WHEREFORE, Defendant INDIAN HARBOR INSURANCE COMPANY respectfully requests that this Court dismiss, with prejudice, Counts I, II and III of Plaintiff ZARAGON HOLDINGS, INC.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and grant any other relief this Court deems just.

### FRCP 12(e) MOTION FOR MORE DEFINITIVE STATEMENT

15. In the alternative, in the event that this Court finds that Indian Harbor is not entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6), Indian Harbor requests that this Court compel Zaragon to submit a more definitive statement of its claims and the basis for those claims.

---

[1] This policy number appears to relate to an earlier policy Zaragon obtained from Indian Harbor. See Plaintiff's Exhibit A, page 1, "Renewal of Number."

4

16. Federal Rule of Civil Procedure 12(e) permits this Court to require Zaragon to clarify its pleading when that pleading is too ambiguous for Indian Harbor to frame a responsive pleading.

17. Specifically, the Complaint is deficient in the following manner:

   a. Zaragon's Complaint incorporates portions of three policies, i.e. the Indian Harbor policy at issue, a lapsed one apparently from Indian Harbor, and one clearly not issued by Indian Harbor;

   b. Zaragon brings an action for "property damage" in Count I, which includes some elements of breach of contract, and appears to overlap with allegations in Count II; and

   c. Zaragon invokes 215 ILCS 5/155 in Counts II and III, and includes coterminous claims in Counts II and III.

18. Indian Harbor requires the following clarifications in order to adequately respond to Zaragon's allegations:

   a. Clarification concerning the policies that are attached to Zaragon's Complaint as Exhibit A, including what policy it alleges provides Zaragon's grounds for relief;

   b. Whether Zaragon asserts a breach of contract claim in Count I, and if so, the independent grounds of relief for Count I as differentiated from Count II; and

   c. Whether Zaragon alleges an independent action for vexatious denial of a claim, and if so, the independent grounds of relief for Count I as differentiated from Count II.

19. This Court may require Zaragon to clarify its allegations because its allegations are ambiguous and Indian Harbor is reasonably unable to respond to the allegations. *See American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 725 (7th Cir. 1986).

20. Zaragon's allegations meet the requisite standard of ambiguity and confusion because of the following:

   a. Indian Harbor cannot determine which, if any, of the insurance policies included in Plaintiff's Exhibit A Zaragon alleges define its rights;

b. Indian Harbor cannot determine if Zaragon alleges breach of contract in Count I, as it appears to in Count II, such that the allegations are not identical; and

c. Zaragon invokes 215 ILCS 5/155 in Counts II and III, but Indian Harbor cannot determine if Zaragon intends to allege vexatious refusal to pay a claim in both Counts II and III.

WHEREFORE, Defendant INDIAN HARBOR INSURANCE COMPANY respectfully requests that this Court compel Zaragon to submit a more definitive statement concerning the above-cited matters and grant any other relief this Court deems just.

## FRCP 12(f) MOTION TO STRIKE

21. In the alternative, should this Court rule that the Complaint should not be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6), Indian Harbor requests that this Court strike those portions of Plaintiff's Exhibit A that are not part of insurance policy FCI 003 8380 and other parts that are immaterial, as discussed below.

22. Federal Rule of Civil Procedure 12(f) permits this Court to strike any immaterial matter from any pleading. Fed. R. Civ. P. 12(f).

23. Plaintiff's Exhibit A contains portions of insurance policies that are not at issue in this action, in particular the following:

a. Plaintiff's Exhibit A, page 5, "Forms Schedule," from policy FCI 002 8479;

b. Plaintiff's Exhibit A, pages 14-35, the listing of forms, "Deluxe Property Coverage Part," and "Deluxe Property Coverage Form" (DX T1 00 03 98)

24. Allegations that have no relation to the action before the court and confuse the issues are properly struck from the pleading. *Mosley v. McDonald's Corp.*, 2006 WL 3541872, at *7 (N.D.Ill. 2006).

25.　This action relates to the rights and duties of Indian Harbor and Zaragon as defined by insurance policy FCI 003 8380. Other policies are not material to the parties' rights and duties, and should be struck from the Complaint.

26.　If this Court determines, as Indian Harbor asserts, that Kentucky law governs this action, then all references to Illinois law are immaterial and would confuse the issues even if this Court does not dismiss this action. Consequently, the following paragraphs in the Complaint should be struck:

　　a.　Count II, Paragraph 17;

　　b.　Count II, Paragraph 18; and

　　c.　Count III, Paragraph 15.

WHEREFORE, Defendant INDIAN HARBOR INSURANCE COMPANY respectfully requests that this Court strike from Plaintiff's Exhibit A all material from policies other than FCI 003 8380, all references to Illinois law, and grant any other relief this Court deems just.


　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　Indian Harbor Insurance Company


　　　　　　　　　　　　　　　　　　　s/ James K. Schultz on behalf of Nicholas R. Novak
　　　　　　　　　　　　　　　　　　　James K. Schultz on behalf of Nicholas R. Novak


Thomas A. McDonald
Nicholas R. Novak
McDonald & McCabe, LLC
225 West Wacker Drive

Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of January, 2008, a copy of the foregoing

**MOTIONS TO DISMISS, FOR MORE DEFINITIVE STATEMENT, AND TO STRIKE**

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy has also been sent via U.S. Mail upon the following attorney of record:

Guy Delson Geleerd, Jr.
Geleerd Law Group, LLC
30 North LaSalle Street, Suite 3400
Chicago, Illinois 60603

s/ James K. Schultz on behalf of Nicholas R. Novak
James K. Schultz on behalf of Nicholas R. Novak
Attorney for Defendant
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)

ND: 4821-9489-8946, v. 1