IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZARAGON HOLDINGS, INC., an Illinois Corporation, ) ) ) Plaintiff, ) ) vs. ) ) INDIAN HARBOR INSURANCE COMPANY, ) a North Dakota Corporation, ) ) Defendant. ) | Case No.: 08cv111 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTIONS TO DISMISS, FOR A MORE DEFINITIVE STATEMENT, OR STRIKE

NOW COMES Defendant INDIAN HARBOR INSURANCE COMPANY (hereinafter, "Indian Harbor"), by and through its attorneys, McDonald & McCabe, LLC, and submits the following as its Memorandum of Law in Support of Defendant's Motions to Dismiss Plaintiff ZARAGON HOLDINGS, INC.'s (hereinafter, "Zaragon") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for a More Definite Statement under Rule 12(e), and to Strike according to 12(f).

### I.  Introduction

Zaragon was the Named Insured of a Commercial Property Policy obtained from Indian Harbor that was effective between August 15, 2006, and August 15, 2007 ("Policy"). Compl. ¶ 2-3. The Policy provided property insurance for Zaragon properties in Kentucky and Connecticut, including buildings 9403, 9414, and 9419 in Regent Park Apartments in Louisville, Kentucky ("Premises"), subject to limitations, exceptions, and duties defined in the Policy. Compl. ¶ 2, Plaintiff's Exhibit A.

As described in Count I of Plaintiff's Complaint, on or about September 23, 2006, a rainstorm allegedly passed through Louisville. Compl. Count I, ¶ 4. Zaragon alleges that this storm damaged the Premises. Compl. Count I, ¶ 4. Subsequent to the alleged rainstorm, Zaragon submitted a claim for property damage (Compl. Count I, ¶ 6); a claim that Indian Harbor subsequently denied (Compl. Count I, ¶ 7). Zaragon initiated this action in the Circuit Court of Cook County, Illinois, alleging that Indian Harbor failed to provide coverage for a loss Zaragon alleges that the Policy covers. Indian Harbor subsequently removed the Circuit Court of Cook County, Illinois, action to this Court.

## II.   FRCP 12(b)(6) Motion To Dismiss

Although, Indian Harbor disputes Zaragon's factual allegations, this memorandum solely addresses Zaragon's failure to present a claim upon which relief may be granted in the Complaint. Consequently, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A. Standard Of Review

Dismissal under Rule 12(b)(6) is appropriate where despite construing facts and inferences in favor of the nonmoving party, the pleadings fail to present a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Horwitz v. Board of Educ. of Avoca School Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001). If "a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado." *Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2001).

In Counts II and III of Zaragon's Complaint, Zaragon relies on Illinois law as its grounds for relief and measure of damages. Compl. Count II ¶¶ 17-18, Compl. Count III ¶ 15. This

2

action, however, is governed by the laws of the State of Kentucky, as the site of the Premises and the State with the most significant contacts.

The entire Complaint should be dismissed because it rests its allegations and rights on an insurance policy, purportedly provided as Plaintiff's Exhibit A. This Exhibit, however, clearly displays internal inconsistencies that show that it cannot be the Policy between the parties. Since the rights and duties in the documents attached to the Complaint and relied on by Zaragon do not define rights between the parties, the Complaint does not state a claim upon which relief may be granted and should be dismissed.

### B. Kentucky Law Governs This Action

A federal court sitting in diversity jurisdiction will look to the forum state's conflicts law in attempting to determine which state's law governs the action. *West Suburban Bank of Darien v. Badger Mutual Insurance Co.*, 141 F.3d 720, 724 (7th Cir. 1998). Under Illinois conflicts law, Kentucky law governs this action. The distinction is critical to this dispute because the Plaintiff specifically appeals to Illinois law and statutes as its remedies and causes of action. Compl. Count II ¶¶ 17-18, Compl. Count III ¶ 15.

Illinois courts use the "most significant contacts" test when deciding choice-of-law issues in contractual disputes. *Id.* According to this test

> [a]bsent an express choice of law, insurance policy provisions are generally governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract.

*Id.* quoting *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 166 Ill.2d 520, 526-27, 655 N.E.2d 842 (1995). When looking at these factors, "the location of the insured risk is given special emphasis." *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Illinois*, 268

Ill.App.3d 655, 664, 643 N.E.2d 1280 (Ill.App. 1 Dist. 1994). This court has often ruled that the law of the state where the risk is located governs the suit. *See e.g. West Suburban*, 141 F.3d at 724; *Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1122-23 (7th Cir. 1998); *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1115 (7th Cir. 1995).

Applying the most significant contacts test, Kentucky law (as the site of the Premises) is most pertinent to the Policy. Illinois' only connection to this Policy is as the domicile of the Plaintiff; however, this is a rather insignificant link as Zaragon's business involves several states. See Plaintiff's Exhibit A, page 3, "Location Schedule" (showing that Zaragon, or its subsidiary and beneficiary Brahms Associates, LLC, manages properties in Kentucky and Connecticut). In a similar vein, Indian Harbor is a citizen of both Connecticut and North Dakota (*Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993)), but does business in a number of states. Thus, the locations of the insured and the insurer are of little importance to the Policy or this action.

Neither the Policy nor the Complaint clearly shows where the last act that gave rise to the contract occurred. The "In Witness Endorsement" on page 4 of Plaintiff's Exhibit A, does state that the Policy is not valid unless a representative of Indian Harbor signs it; thus, the last act may have occurred in Indian Harbor's office in Connecticut.

Kentucky is the place of performance: a factor that is pertinent to both the Policy and this action, generally. It was in Kentucky that the Policy was going to be performed with respect to the Premises at issue and it is the performance of this contract that is at the heart of the action.

In applying Illinois conflicts law to property policies like the one at issue here, courts have looked to the Restatement (Second) of Conflict of Laws § 193 for guidance. *See e.g. Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d at 873-74 (7th Cir. 2000); *Society of Mount Carmel*, 268 Ill.App.3d at 664-65. Where a policy covers distinct risks in more than one state, as this

Policy does, the Restatement recommends that a court apply the laws of the state where the risk is located. Rest. 2d Confl. § 193, Comment f.

Utilizing this approach will allow the Court to give effect to the parties' intentions and apply the law of the State the parties understood was the principle location of the risk, which is an important factor in determining which state's law applies. *West Suburban*, 141 F.3d at 724 ("Under Illinois law, an insurance policy is construed so as to give effect to the intention of the parties as expressed in the contract"); see *Eclipse Mfg. Co. v. U.S. Compliance Co.*, 2007 WL 4259439, *7 (Ill.App. 2d Dist. 2007). The Complaint illustrates that the parties understood that Kentucky law defined the rights and duties of the parties in relation to the Premises. On the Policy "Declarations," page 1 of Plaintiff's Exhibit A, the Policy shows that several Kentucky taxes were assessed on the Policy. This tax assessment also indicates that Kentucky is the primary place "bearing a rational relation to the contract," as described in the "most significant contacts" test.

Looking beyond the Policy (but within the Complaint), Indian Harbor's denial letter, provided as Plaintiff's Exhibit C, reminds Zaragon that the parties intended for the rights and duties with respect to the Premises to be dependent on Kentucky law, stating as follows:

> *In accordance with the laws of the Kentucky State Insurance Dept*, we are required to advise you of the following: Should you wish to take this matter up with the Kentucky State Insurance Dept, you may write or visit Consumer Services Bureau, Kentucky State Insurance Dept. at 215 W. Main Street, Frankfort, KY 40601 or via phone at (800) 595-6053

(emphasis added). These elements, showing the parties' intent for Kentucky law to control, combined with the significant contacts between Kentucky and the Policy, instruct that Kentucky laws govern this action.

Finally, when utilizing the "most significant contacts" test, the factors should be viewed in light of the principles of other interested states. *Costello v. Liberty Mut. Fire Ins. Co.*, 376 Ill.App.3d 235, 241, 876 N.E.2d 115, 120 (Ill.App. 1 Dist., 2007). Kentucky favors the Restatement (Second) of Conflict of Laws § 193 for conflict of law questions. *OHIC Ins. Co. v. Haj-Hamed*, 2007 WL 3408305, *3 (Ky.App. 2007). Under this rubric, as interpreted in Kentucky, where the parties intended to abide by Kentucky law and rates, and followed Kentucky regulations, Kentucky has the most significant relationship to the policy and Kentucky law should apply. *See id.* As discussed above, the Policy, as provided in Plaintiff's Exhibit A, shows that the Policy price included Kentucky taxes. Plaintiff's Exhibit C also shows that the parties intended to abide by Kentucky law and regulations by submitting disputes to the Kentucky Department of Insurance.

Kentucky has the most significant contacts with the Policy, the parties intended Kentucky law to govern the Policy, and Kentucky policy evinces a significant interest in governing this Policy with respect to the Premises. Hence, Illinois conflicts law requires Kentucky contract law to govern this action. Plaintiff bases its relief in Counts II and III on Illinois law that is not applicable to this action; therefore, Counts II and III fail to state a claim upon which relief may be granted and should be dismissed pursuant to this Courts authority under Federal Rule of Civil Procedure 12(b)(6).

### C. Zaragon Relies On Rights And Duties That Are Not Part Of The Policy

It is fundamental that only the terms of the contract between the parties give rise to a breach. *See Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 728 (Ky.App. 2007); *Strong v. Louisville & N. R. Co.*, 43 S.W.2d 11, 13 (Ky.App. 1931); *Martusciello v. JDS Homes, Inc.*, 361 Ill.App.3d 568, 575, 838 N.E.2d 9, 15 (Ill.App. 1 Dist. 2005). In the instant

action, Zaragon has failed to allege the existence of a duty that Indian Harbor violated because Plaintiff has relied upon duties from contract that are not part of the Policy.

The Policy at issue is FCI 003 8380. Plaintiff's Exhibit A, page 1, "Declarations." Many of the documents in Plaintiff's Exhibit A are, on their face, not part of policy FCI 003 8380. Plaintiff's Exhibit A, page 5, "Forms Schedule," is part of a policy numbered FCI 002 8479. The Declarations of the Policy indicate that FCI 002 8479 was a previous contract between the parties; however, the "REVISED" stamp on the Declarations page shows that the policies are different.

Zaragon has also included part of policy Y-630-561K5601-TCT-05. Plaintiff's Exhibit A, pages 14 – 35. A stamp in the upper left corner indicates St. Paul Travelers issued this policy. Plaintiff's Exhibit A, page 14.

These various contracts, upon which Zaragon has based its allegations, do not define the relationship between the parties, or the applicable duties under the Policy. As such, Zaragon has failed to establish what duty Indian Harbor may have violated. Consequently, Zaragon has not alleged sufficient facts to state a claim upon which relief may be granted and the Complaint should be dismissed pursuant to this Courts authority under Federal Rule of Civil Procedure 12(b)(6).

### III. FRCP 12(e) Motion For More Definite Statement

In the event that this Court rules that the Complaint has not failed to state a claim, Indian Harbor requests, in the alternative, that this Court enter an order compelling Zaragon to submit a more definite statement related to the issues mentioned in Defendant's Motions To Dismiss, For More Definite Statement, Or Strike ¶¶ 17-18.

#### A. Standard

If a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," that party may request that the court order the plaintiff to clarify its pleading. Fed. R. Civ. P. 12(e). A Rule 12(e) order is appropriate when the pleading is confusing due to overlapping or convoluted allegations (*Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749-750 (7th Cir. 2005)) or makes the defendant "unclear about the meaning of a particular allegation in the complaint" (*American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 725 (7th Cir. 1986)).

### B. Zaragon's Allegations Are Too Vague

Zaragon's Complaint contains three counts that overlap such that it would be unreasonable to require Indian Harbor to respond without clarification concerning Plaintiff's allegations. Count I alleges "Property Damage," in the form of liability for "repair and rehabilitation" of the Premises (Compl. Count I ¶ 9), was the result Indian Harbor's alleged "conduct herein, specifically, its refusal to pay" (Compl. Count I ¶ 8). Count I does not appear to allege a source for this duty to pay other than the existence of a contract between the parties. Compl. Count I ¶ 3-6. Presumably, Zaragon intends Count I as a breach of contract claim, without expressly so stating. Alone, the confusing wording of Count I would not prevent Indian Harbor from answering the Complaint and would not justify an order requesting a more definite statement, given the simple pleading standards of the Federal Rules. See Fed. R. Civ. Pro. 8(a).

A problem, however, arises when Count I is read in conjunction with Count II. Count II fully incorporates Count I (Compl. Count II ¶ 1-11), and expressly alleges a breach of the Policy. Without a clearer distinction between Counts I and II, in particular the differing alleged duties or grounds for relief, Indian Harbor cannot reasonably formulate an answer to these allegations.

8

The same overlapping problem occurs when examining Counts II and III. Count II cites 215 ILCS 5/155 (Compl. Count II ¶ 17), and alleges, *inter alia*, that Indian Harbor "[u]nreasonably and vexatiously delayed . . . the resolution of Plaintiff' (sic) claim" (Compl. Count II ¶ 18g). Count III echoes these paragraphs by alleging that Indian Harbor's coverage declination "was and is vexatious" (Compl. Count III ¶ 14) and, again, citing 215 ILCS 5/155[1] (Compl. Count III ¶ 15). Count III also realleges all of Count I (Compl. Count III ¶ 1-11). In essence, Zaragon has engaged in a form of "shotgun pleading" that this Court has found improper in the past. *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 2002 WL 1794004, *3 (N.D.Ill. 2000) (Not Reported in F.Supp.2d), *citing Anderson v. District Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996).

Lastly, the inclusion of inapplicable policies only serves to muddy the waters of Zaragon's allegations further. It is not clear whether Zaragon asserts that all of the provisions in these policies affect this action, whether the inclusion has some separate purpose, or was merely an oversight.

The convoluted nature of Plaintiff's pleading makes it hopelessly ambiguous and confusing. An order for a more definite statement clarifying those issues discussed in Defendant's Motions To Dismiss, For More Definite Statement, Or Strike ¶¶ 17-18, and any additional matters the Court desires elucidation on, would allow Indian Harbor to answer Zaragon's Complaint in a meaningful manner.

### IV.  FRCP 12(f) Motion To Strike

In the alternative, if the Court determines that Indian Harbor is not entitled to have the entire Complaint dismissed under Rule 12(b)(6), Indian Harbor requests that this Court strike all

---

[1] As noted above, in I.B., Indian Harbor argues that Plaintiff's remedy, if any, lies with Kentucky law.

references to Illinois law and the parts of Plaintiff's Exhibit A that are not part of policy FCI 003 8380 as immaterial to this action.

### A. Standard

Rule 12(f) states, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). While motions to strike may be seen as a drastic remedy, they are appropriate when the "allegations in the complaint are so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration." *Mosley v. McDonald's Corp.*, 2006 WL 3541872, at *7 (N.D.Ill. 2006), *quoting Robinson v. Midlane Club, Inc.*, 1994 WL 577219, at *2 (N.D.Ill. Oct.18, 1994) (internal quotation marks omitted). The party seeking the order to strike must also show that the immaterial allegations confuse the issues in the action. *Mosley*, 2006 WL 3541872 at *7.

### B. All References To Illinois Law Should Be Struck

As discussed at length above, Indian Harbor argues that Kentucky law, not Illinois law, governs this action. If this Court finds that Kentucky law does govern this action, but that Counts II and III should not be dismissed, then the inclusion of Illinois law in the Counts is completely immaterial to this action and would merely confuse the issues. Thus, if Kentucky law governs this action, the allegations addressing Illinois law should be struck from the Complaint.

### C. All Insurance Policies Other Than Policy FCI 003 8380 Should Be Struck

The inclusion of insurance policies that do not affect the parties' rights and duties adds to the length and confusion of this Complaint without providing any insight into the dispute at issue. Therefore, the parts of policies FCI 002 8479 and Y-630-561K5601-TCT-05 Zaragon has included in Plaintiff's Exhibit A should be struck.

### V. Conclusion

Indian Harbor requests that this Court dismiss, with prejudice, the entire Complaint, or Counts II and III, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. This relief is appropriate because the Complaint incorporates, as the source of Indian Harbor's duties, policies that are not part of the Policy that was in effect between the parties. Further, the Complaint fails to ground its right to relief in Kentucky law, which governs this action.

In the alternative to dismissal of the entire Complaint, Indian Harbor seeks an order pursuant to Federal Rule of Civil Procedure 12(e) for Zaragon to clarify its allegations concerning the insurance policies at issue and its alleged grounds for relief. Finally, also in the alternative to dismissal of the entire Complaint, Indian Harbor asks this Court to strike immaterial allegations from the Complaint, including all references to Illinois law and any parts of insurance policies other than Policy FCI 003 8380, pursuant to Federal Rule of Civil Procedure 12(f).

Respectfully submitted,

Indian Harbor Insurance Company

s/ James K. Schultz on behalf of Nicholas R. Novak
James K. Schultz on behalf of Nicholas R. Novak

Thomas A. McDonald
Nicholas R. Novak
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)

ND: 4847-9988-9410, v. 1