**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ZARAGON HOLDINGS, INC., | ) | |
|     an Illinois Corporation, | ) | |
| | ) | |
|                 Plaintiff, | ) | Case No. 08 cv 111 |
| vs. | ) | |
| | ) | |
| INDIAN HARBOR INSURANCE COMPANY, | ) | |
|     a North Dakota Corporation, | ) | |
| | ) | |
|               Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS,
FOR MORE DEFINITE STATEMENT, AND TO STRIKE**

Plaintiff ZARAGON HOLDINGS, INC. (hereinafter "Zaragon"), by and through its

attorneys, Geleerd Law Group, LLC, and as its response to Defendant INDIAN HARBOR

INSURANCE COMPANY'S (hereinafter "Indian Harbor") Motions to Dismiss, For More

Definite Statement, and to Strike, states the following:

**Factual History**

Defendant, Indian Harbor, issued and sold a policy of insurance to Zaragon, covering

property damage for certain properties owned by a subsidiary of Zaragon in Louisville,

Kentucky.  The insurance policy covered the time period from August 15, 2006 to August 15,

2007.  Zaragon was, at all times pertinent, a named beneficiary of the policy issued by Indian

Harbor.

On or about September 23, 2006, during the time in which the policy was in full force

and effect, the subject property was damaged by driving rain.  Shortly thereafter, Zaragon filed a

claim for coverage with Indian Harbor in the amount of damages sustained and cost of repairs

and rehabilitation.  Indian Harbor denied Zaragon's claim on December 5, 2006 and Zaragon's

1

claim for insurance compensation has yet to be resolved.  Zaragon has been forced to become liable for these amounts since its claim for coverage was denied.

On December 7, 2007, Zaragon filed its complaint against Indian Harbor and shortly thereafter the case was removed to the Northern District of Illinois.

### Response to FRCP 12(b)(6) Motion to Dismiss

Indian Harbor alleges that Zaragon is not entitled to invoke Section 155 of the Illinois Insurance Code, 215 ILCS 5/155 because Kentucky law should govern this action.  This Honorable Court applies a most significant contacts test to determine which state's law governs the interpretation of the insurance contract at issue.  *West Suburban Bank of Darien v. Badger Mutual Insurance Co.,* 141 F.3d 720, 724 (7th Cir. 1998).  Indian Harbor cites *West Suburban Bank of Darien* to support its position.  However, the Court noted that not only is the location of the subject matter part of the determination, but also factors such as the place of delivery of the contract, the domicile of the insured, or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract also must be considered.  *Id.*

*West Suburban Bank of Darien* did point out that the law of the situs will *generally* govern, however the Court did not indicate that it should or must.  *Id.*  There are other factors that must be considered to determine which state has the most significant contacts. In *Zaragon*, the place of the delivery of the applicable insurance contract is Illinois.  The domicile of the Insured is Illinois.  The domicile of the insurer is not Kentucky, but North Dakota.  The place of the last act to give rise to a valid contract, that is where the binding policy was signed is Illinois, Indian Harbor indicates that it could have been in Connecticut or North Dakota (D. Memo P. 4), the subsidiary of *Zaragon* for which the contract was made is an Illinois

2

limited liability company, and the place of performance of the contract was to be Illinois.  It is

clear that in this case, Illinois is the state with the most significant contacts, thus Illinois law

should govern the interpretation of the subject insurance contract.

Indian Harbor has noted that Illinois courts hold that the location of the risk to be insured

should be given special emphasis.  (D. Memo. P. 4.)  However, in the case that Indian Harbor

cited in support of that statement, the Court also noted that the Restatement (Second) of Conflict

of Laws § 193 (1971) acknowledges the possibility that another state could have a more

significant relationship to the transaction and the parties.  *Society of Mount Carmel v. National*

*Ben Franklin Insurance Co.*, 268 Ill. App. 3d 655, 664, 643 N.E.2d 1280, 1287 (Ill. App. 1 Dist.

1994).

Just because the location of the risk is Kentucky does not necessarily mean that the law

governing this action must be that of Kentucky.  Illinois has the most significant relationship

with the parties involved in this action and has had the most significant relationship with the

parties since the commencement of their contractual relationship.

The insurance contract was entered into in Illinois.  Although Indian Harbor indicates

that performance of the contract would take place in Kentucky, the performance of the insurance

contract would have taken place in Illinois when either Zaragon or its beneficiary, and Illinois

limited liability corporation, received the insurance payment to cover the damage to the insured

property.  (D. Memo. P. 4.)

Indian Harbor's denial letter sent after Zaragon filed its insurance claim is immaterial to

the determination of the parties' intent on which law should govern the rights and duties of the

parties.  (See D. Memo. P. 5.)  The denial letter was sent *after* Indian Harbor's alleged unlawful

denial of insurance coverage for the subject property.  That fails as an indication of the parties'

3

intent when entering the contract, and during the continuance of their relationship.

Applying Illinois law is sound, Illinois has the most significant contacts to the parties and transactions involved.  The contract was made and delivered in Illinois, and would have been performed in Illinois.  The Plaintiff is an Illinois domiciliary and neither party is a Kentucky corporation.  That the premises are located in Kentucky is entitled to special emphasis, however is not by itself determinative of the issue.

In its Complaint and throughout the course of this matter, Zaragon has based its allegations on duties owed to Zaragon by Indian Harbor under the Policy at issue – FCI 003 8380.  Neither in its Complaint nor at any other time pertinent hereto has Zaragon claimed duties or rights that were part of a different policy or past policy between the parties.  The mere fact that those documents were included in Zaragon's Complaint should not subject to a Rule 12(b)(6) Motion to Dismiss, given that Zaragon has relied and continues to rely on a policy that was in full force and effect at the time of the damage to the subject property.

Considering the foregoing, Illinois law should govern this action and Plaintiff's Counts II and III state claims upon which relief may be granted.  Therefore, this Court should deny Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Counts II and III from its Complaint.

Plaintiff concedes that portions of the exhibits in it's Complaint are immaterial to this matter and as to said exhibits, Plaintiff requests this Court to grant it leave to file an amended complaint with only exhibits pertaining to the subject policy.

**Response to FRCP 12(e) Motion for More Definite Statement**

This Court should not grant Indian Harbor's Motion for More Definite Statement because Indian Harbor failed to sufficiently allege in what way(s) a more definite statement is necessary.  Federal Rule 8(a) requires only a "short and plain statement of the claim that will give the

4

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.
R. Civ. P. 8(a).

Pleading should not be looked at as a game of skill, as its purpose is to facilitate a proper
decision on the merits. *Cler v. Illinois Education Association et al.*, 423 F. 3d 726, 729 (7th Cir.
2005). Absolute clarity is not a requirement to survive a motion to dismiss. *Id.* at 730. Rule
12(e) is designed to strike at unintelligibility rather than want of detail. *Juneau Square Corp. v.
First Wisconsin National Bank*, 60 F.R.D. 46 (E.D. Wis. 1973). Zaragon's Complaint is far from
vague or ambiguous so that a responding party could not reasonably be required to frame a
responsive pleading. Quite the contrary, each count specifically pleads allegations supported by
the facts in such a manner that can be easily responded to. Further contrary to Indian Harbor's
allegations, Count I does indicate a source for Indian Harbor's duty to pay – the insurance policy
which is the subject matter of this litigation. Compl. Count I ¶ 2.

Count II alleges breach of contract as separate and distinct from the damages claimed in
Count I, in accord with the rules allowing Indian Harbor to reasonably be able to frame a
responsive pleading. Count III alleges further violation(s) of a definitive code of the Illinois
Insurance Code section, and sets out that section and how Indian Harbor's actions were in
violation.

The only reported case to which Indian Harbor refers in support of its argument for a
Rule 12(e) motion is factually dissimilar to the case at bar and the "shotgun pleading" that the
Court was aiming to prevent has not taken place here. *Anderson v. District Board of Trustees*,
77 F.3d 364, 366 (11th Cir. 1996), involved a six-count complaint with over 60 paragraphs,
where each count reincorporated the first 24 counts in the complaint. *Anderson*, at 365-366.
"Shotgun pleading," as the Court described, involves factual allegations that could not possibly

be material to any of the causes of action they assert. *Pelletier v. Zweifel*, 921 F.2d 1465, 1517 (11th Cir. 1991).

That is not an accurate description of Zaragon's Complaint, which clearly and unambiguously alleges its claims and factual support thereof. The Complaint specifies each of Indian Harbor's unlawful actions into three distinct counts, reincorporating paragraphs 1-11 as they form the basis and background of Zaragon's Complaint. The Complaint is clearly designed to allow a reasonable defendant and defense counsel to frame a responsive pleading.

It is unclear what in the Complaint can be viewed as convoluted, jointly because of the clarity and straightforwardness of the Complaint as well as the lack of clarification in Indian Harbor's Memorandum in support of its Motion as to what specifically gives the Complaint a "convoluted nature" or makes it "hopelessly ambiguous." (D. Memo. P. 9.) For the aforesaid reasons, this Honorable Court should not grant Defendant's Motion for More Definite Statement.

### Response to FRCP 12(f) Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure is a drastic remedy and should be resorted to only when required for purposes of justice and should be sparingly used by the courts. *Dunbar & Sullivan Dredging Co. v. Jurgensen Co.*, 44 F.R.D. 467, 472 (S.D. Oh. 1967). A motion to strike is not a favored motion. *Federal National Mortgage Association v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990).

The party seeking the order to strike must show that the immaterial allegations confuse the issues in the action. A court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party. *Cobb*, at 1224.

6

As argued herein, and plead in its Complaint, Illinois law, not Kentucky law, governs this action.  Illinois law as plead in Plaintiff's Complaint does not confuse the issues and the allegations addressing Illinois law should not be stricken from the Complaint.

As previously set forth herein, the inadvertent inclusion of insurance policies and or documents not relevant herein, and not subject to this claim, can be readily remedied by granting Plaintiff leave to file an Amended Complaint attaching the proper exhibits.

<u>**Conclusion**</u>

For all of the foregoing reasons, this Honorable Court should deny Defendant's Motions to Dismiss pursuant to Rule 12(b)(6), Motion for More Definite Statement pursuant to Rule 12(e), and Motion to Strike pursuant to Rule 12(f).  Such relief would be inappropriate as clearly Illinois law governs this action.  At all times pertinent and in all pleadings, Zaragon relied on the rights and duties in the subject policy, which was in full force and effect at the time of damage to the subject property.

An order requiring Zaragon to clarify its allegations is also inappropriate as the allegations are clearly and definitely laid out in its Complaint and that Complaint should allow a party to reasonably frame a responsive pleading.  Moreover, because Illinois law should govern this action, this Court should not strike those references or counts that rely on Illinois law.

Respectfully submitted,

ZARAGON HOLDINGS, INC., an
Illinois corporation

GELEERD LAW GROUP, LLC


_____
Attorney for Plaintiff

7

Guy Delson Geleerd, Jr.
GELEERD LAW GROUP, LLC
30 North LaSalle Street – Suite 3400
Chicago, Illinois 60602
Tel. 312-960-0007