IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZARAGON HOLDINGS, INC.,<br>an Illinois Corporation,<br><br>                        Plaintiff,<br>vs.<br><br>INDIAN HARBOR INSURANCE COMPANY,<br>a North Dakota Corporation,<br><br>                        Defendant. | Case No.: 08cv111 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTIONS TO DISMISS, FOR A MORE DEFINITIVE STATEMENT, OR STRIKE

NOW COMES Defendant INDIAN HARBOR INSURANCE COMPANY, by and through its attorneys, McDonald & McCabe, LLC, and submits the following as its Reply in Support of Its Motions to Dismiss, For A More Definite Statement, or Strike:

### I. Kentucky Substantive Law Governs This Contract.

The issue of which State's law governs this contract is an important question for the Court to address because Plaintiff has invoked Illinois law as the grounds for its relief. Furthermore, the conflict between Kentucky and Illinois law could affect the outcome of this case, making a determination of governing law appropriate for the Court's review. *Morris B. Chapman & Assoc., Ltd. v. Kitzman*, 307 Ill.App.3d 92, 101, 716 N.E.2d 829 (Ill.App. 5th Dist. 1999). Kentucky and Illinois law differ on both the remedy granted and proof related to bad faith and insurance coverage claims. *Compare* KRS §§ 304.12-235 *and* 304.12-230 (setting forth Kentucky statutory remedies and defining unacceptable practices) *with* 215 ILCS 5/155 (setting forth the statutory remedies claimed in Plaintiff's Complaint).

As described in both Defendant and Plaintiff's memoranda, Illinois courts employ the most significant contacts test to determine the State law that governs an insurance contract. *West Suburban Bank of Darien v. Badger Mutual Insurance Co.*, 141 F.3d 720, 724 (7th Cir. 1998). Plaintiff asserts that Illinois law should govern because some of the factors used in the most significant contacts test weigh in the favor of states other than Kentucky (specifically, Illinois or North Dakota). Pl. Mem. at 2. A court utilizing the most significant contacts test, however, does not simply line up the various factors examined under the test. The "factors are not all of equal significance. The weight accorded to each depends on the issue involved." *Coltec Industries Inc. v. Zurich Ins. Co.*, 2004 WL 413304, *4 (N.D.Ill. 2004) *citing Emerson Elec. Co. v. Aetna Casualty & Surety Co.*, 319 Ill.App.3d 218, 232, 743 N.E.2d 629, 640 (Ill.App. 1st Dist. 2001) (internal quotations removed). Critically, in Illinois, "the location of the insured risk is given special emphasis." *Society of Mount Carmel v. National Ben Franklin Ins. Co. of Illinois*, 268 Ill.App.3d 655, 664, 643 N.E.2d 1280 (Ill.App. 1st Dist. 1994). Where the subject of the insurance is real property, insured under a property insurance policy, it is only logical that the location of the risk be given overriding emphasis.

Plaintiff makes note of its Illinois contacts; but this is not sufficient to overcome the "special emphasis" granted to the location of the risk. This is especially true in light of the undetermined relation between the factors Plaintiff invokes and the insurance contract. Examining Plaintiff's Complaint, it cannot be said that Plaintiff's Illinois offices "played an active, dominant and dynamic role in" obtaining and maintaining the Policy at issue, such that these contacts should be any more than minor elements in the most significant contacts test. *See Emerson Elec. Co.*, 319 Ill.App.3d at 235, 743 N.E.2d at 642. Simply, the Illinois contacts here

are not enough to surmount the importance of Kentucky's overwhelming contacts with the Policy.

Plaintiff's Response does not address the fact that the final element of the most significant contacts test ("other place bearing a relationship"), which also weighs heavily in Kentucky's favor. Kentucky is where the storm occurred that is the alleged source of Plaintiff's claimed damages. Compl. ¶ 4. Kentucky is where Plaintiff allegedly sustained expenses, supposedly due to acts by Defendant. Compl. Ex. B (allegedly detailing Plaintiff's damages). Kentucky is where the claims adjustment occurred that Plaintiff alleges was not "adequately perform[ed]." Compl. Count II, ¶ 18.b.

The most significant contacts test is viewed in light of the issue involved. Where a dispute concerns a property policy for a risk in Kentucky and the significant acts related to the policy and dispute occurred in Kentucky, Kentucky law has the most significant contacts and must govern the action.

Furthermore, the Court can consider Defendant's Denial Letter (Compl. Ex. C) invoking Kentucky law and showing, thereby, evidence of the Parties' intent for Kentucky law to apply. Pl. Mem. at 4. Where a contract is ambiguous, a court may turn to extrinsic evidence to determine the parties' intent. *See e.g. Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 993 (7th Cir. 2007). Plaintiff forced the Court to consider extrinsic evidence when it did not include the appropriate insurance contract. Without the Policy at issue, there is some ambiguity with respect to the Parties' intent for governing law, looking to the extrinsic evidence included in the Complaint is necessary and helps guide the Court's application of the most significant contacts test. The Denial Letter shows that Kentucky law applies to the Policy by advising Plaintiff of its

right to seek redress with the Kentucky Department of Insurance. Compl. Ex. C. This shows that the parties intended Kentucky law to govern this action.

Kentucky has the most significant contacts with this Policy and the Complaint shows the Parties intended for Kentucky law to govern the contract; therefore, this Court should rule that Plaintiff's alleged redress, if any, lies with Kentucky law. Consequently, Counts I, II, and III should be dismissed because the claims are based on Illinois law. Alternatively, Defendant requests the Court strike all references to Illinois law as immaterial.

## II.    Plaintiff's Complaint Is Vague And Ambiguous.

Plaintiff asserts that the Complaint presents three distinct and separate allegations. Pl. Mem. at 5. It is hard to see how this can be the case. Count I alleges that due to "Defendant's conduct herein, specifically, its refusal to pay Plaintiff's claim," Defendant sustained damages. Compl. Count I ¶¶ 8-9. Defendant's duty, if any, to pay would arise only out of the contract for insurance between the parties, as Plaintiff suggests in Count I, paragraph 11. Plaintiff, therefore, apparently alleges a breach of contract in Count I. Count II, on the other hand, expressly alleges a breach of contract. Compl. Count II ¶ 15.

The same style of overlapping occurs with Counts II and III. Both Counts seek statutory relief under 215 ILCS 5/155. Compl. Count II ¶ 17 and Count III ¶ 15. Both Counts contain nearly identical allegations. *Compare* Compl. Count II ¶ 18e., g. and h. *with* Compl. Count II ¶ 14 a. and b.

Defendant is not seeking *absolute* clarity or dismissal. *See* Pl. Mem. at 5. Rather, Defendant merely asks that Plaintiff untangle its interwoven allegations so Defendant can move forward and respond to Plaintiff's Complaint.

4

### III.  Conclusion

Indian Harbor requests that this Court dismiss, with prejudice, the entire Complaint, or Counts II and III, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. In the alternative to dismissal of the entire Complaint, Indian Harbor seeks an order pursuant to Federal Rule of Civil Procedure 12(e) for Zaragon to clarify its allegations. Finally, also in the alternative to dismissal, Indian Harbor asks this Court to strike immaterial allegations from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

        Respectfully submitted,

        Indian Harbor Insurance Company

        s/ Nicholas R. Novak
          Nicholas R. Novak

Thomas A. McDonald
Nicholas R. Novak
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of February, 2008, a copy of the foregoing

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTIONS TO DISMISS, FOR A MORE DEFINITIVE STATEMENT, OR STRIKE

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Nicholas Novak
Nicholas Novak
Attorney for Defendant
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)