## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ZARAGON HOLDINGS, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 CV 0111 |
| v. | ) ) | Judge Joan H. Lefkow |
| INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION AND ORDER

Zaragon Holdings, Inc. ("Zaragon") brought this action against Indian Harbor Insurance Company ("Indian Harbor"), alleging that Indian Harbor wrongfully denied an insurance claim for damage to property owned by Zaragon. Zaragon's claim contains three counts: (I) Indian Harbor's wrongful denial of the claim caused Zaragon to suffer economic damages; (II) Indian Harbor breached the insurance contract in violation of Illinois law; and (III) Indian Harbor vexatiously and unreasonably denied Zaragon's claim in violation of Illinois law.

Before the court is Indian Harbor's motion to dismiss Zaragon's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Indian Harbor argues that Zaragon fails to state a claim because it relies on unrelated insurance policies and inapplicable state law. Alternatively, Indian Harbor moves for a more definite statement under Rule 12(e) and moves to strike portions of the insurance policy attached to Zaragon's complaint pursuant to Rule 12(f).

For the following reasons, the court will grant in part and deny in part Indian Harbor's motion to dismiss and deny Indian Harbor's motions to strike and for a more definite statement [#14].

## JURISDICTION

Indian Harbor removed this action to federal court from the Circuit Court of Cook County pursuant to 28 U.S.C. § 1332. Though Zaragon does not contest federal jurisdiction, the court has an independent duty to verify its own jurisdiction. *See Johnson* v. *Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Whether Zaragon's claim satisfies the $75,000 amount in controversy required by § 1332 is, at first glance, unclear. Zaragon seeks "in excess of $50,000" through each of three similar legal theories. In addition, Zaragon attached to its complaint more than fifty receipts, which it characterizes as a "true and correct copy" of the insurance claim it submitted to Indian Harbor; by the court's calculation, these receipts total less than $60,000. *See* Compl. at 2 & ex. B.

In support of its assertion of federal jurisdiction, however, Indian Harbor submits a document it describes as "Plaintiff's Property Loss Notice," which states that the "probable amount [of the] entire loss" is $120,000. Such estimates can serve as proof of the amount in controversy. *See Meridian Sec. Ins. Co.* v. *Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Moreover, statutory or punitive damages may count toward the amount in controversy when they are available as a matter of state law, so long as there is not a legal certainty that the plaintiff will be unable to recover enough to satisfy the jurisdictional amount. *See Del Vecchio* v. *Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000); *see also Jump* v. *Schaeffer & Assocs. Ins. Brokerage, Inc.*, 123 Fed. Appx. 717, 719–20 (7th Cir. 2005). Zaragon alleges that Indian Harbor's denial of its claim was "vexatious and unreasonable," which could entitle it to attorney's fees and

additional statutory damages of $60,000 or 60% of compensatory damages. 215 Ill. Comp. Stat. Ann. 5/155. Where a party's allegation of the amount in controversy is uncontested, as is the case here, a court must accept it "unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Cadek* v. *Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211–12 (7th Cir. 1995) (quoting *Risse* v. *Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974)). In light of the Plaintiff's Property Loss Notice and the possibility of statutory damages, the court concludes that there is no legal certainty that the amount in controversy is less than $75,000 and, therefore, that it has jurisdiction over the subject matter of this case.

## BACKGROUND

Zaragon purchased an insurance policy from Indian Harbor for apartment buildings owned by Brahms Associates LLC, a Zaragon subsidiary. Compl. at 1. The policy apparently contains no choice of law provision. The insured property was located in Louisville, Kentucky. The parties' relationship, however, is not exclusive to Kentucky. Zaragon is incorporated in Illinois, and Indian Harbor is incorporated in North Dakota. The insurance contract was signed and delivered in Illinois. Pl.'s Resp. at 2. Zaragon was a named beneficiary of the policy, which ran from August 15, 2006 to August 15, 2007. Compl. at 1.

Zaragon alleges that the buildings were damaged by driving rain on September 22 and 23, 2006. Compl. at 2. Zaragon made a claim for damages with Indian Harbor, which Indian Harbor, through U.S. Adjustment Corp., denied on December 5, 2006. *Id.* Zaragon now challenges the denial of the claim.

Zaragon states three interrelated theories for recovery. Count I alleges that "as a direct or proximate result of the wrongful acts or omissions on the part of Defendant, Plaintiff has become liable for large sums of money for repair and rehabilitation for it[]s buildings . . . resulting in economic damages to the Plaintiff." *Id.* at 1–2. Count II alleges that Indian Harbor breached the insurance contract in violation of Illinois law, specifically 215 Ill. Comp. Stat. Ann. 5/155. *Id.* at 3–4. Count III alleges that Indian Harbor vexatiously and unreasonably denied Zaragon's insurance claim in violation of 215 Ill. Comp. Stat. Ann. 5/155. *Id*. at 4–5.

## STANDARDS

A defendant may bring a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim upon which relief may be granted. *E.E.O.C.* v. *Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "To state such a claim, the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. F. 8(a)(2)). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded allegations in the plaintiff's complaint and draws all reasonable inferences in favor of the plaintiff. *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999). In order to survive a motion under Rule 12(b)(6), the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, — U.S. —, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). The allegations must also be "enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

In ruling on a motion under Rule 12(e), the court considers whether "a pleading to which a responsive pleading is allowed . . . is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If so, the court may order a more definite statement. *Id.* The standard for a Rule 12(e) motion is interrelated with the minimum requirement under Rule 8(a)(2) of a short, plain statement of the claim. *See Taurus IP, LLC* v. *Ford Motor Co.*, — F. Supp. 2d —, 2008 WL 656533, at *4 (W.D. Wis. Feb. 4, 2008). Rule 12(e) is "designed to strike at unintelligibility rather than want of detail. If the pleading meets the requirements of Rule 8 . . . and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted." *Flentye* v. *Kathrein*, 485 F. Supp. 2d 903, 911 (N.D. Ill. 2007) (quoting *Wishnick* v. *One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973)).

A Rule 12(f) motion asks the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because of the likelihood that they may only serve to delay proceedings. *Heller Financial, Inc.* v. *Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Nevertheless, a motion to strike may sometimes be "a useful means of removing 'unnecessary clutter' from a case, which will in effect expedite the proceedings." *Reis Robotics USA, Inc.* v. *Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (quoting *Heller*, 883 F.2d at 1294).

## ANALYSIS

### I.  Motion to Dismiss

Indian Harbor advances two arguments in support of its motion to dismiss:  (a) Zaragon attaches inapplicable insurance policies to its complaint and thus fails to state a claim;  and (b) because Kentucky law applies, the portion of Zaragon's complaint that relies on Illinois law fails to state a claim.

### A.  Insurance Policy Numbers

Indian Harbor moves to dismiss Counts I, II and III because Zaragon attached an insurance policy that has allegedly conflicting policy numbers and thereby "invok[es] rights granted by policies that were not in effect at the time of the loss or issued by Indian Harbor." Def.'s Mot. to Dismiss ¶ 14.  Zaragon concedes that some parts of the documents it attached are immaterial and requests leave to file an amended complaint.

A court may generally consider documents incorporated by reference in determining whether to grant a motion to dismiss.  *See Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, — U.S. —, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2008).  Such additional facts and exhibits may also be used adversely to the plaintiff.  *See Thompson* v. *Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  As the Seventh Circuit has made clear, "if a complaint pleads facts that show that the plaintiff does not have a claim, the complaint should be dismissed without further ado." *Thomson* v. *Washington*, 362 F.3d 969, 970 (7th Cir. 2004).  In considering a motion to dismiss, however, a court must take all well-pleaded facts as true and construe all inferences in favor of the plaintiff.  *Jackson*, 176 F.3d at 977.

It would be impossible to grant this portion of Indian Harbor's motion to dismiss without conducting an inquiry into the veracity of facts pleaded by Zaragon. This situation is inapposite to a case such as *Thompson*, where an exhibit that plaintiff attached to his complaint affirmatively showed that the plaintiff was not entitled to relief. 300 F.3d at 753–55. Indian Harbor demonstrates not that the exhibits and the complaint conflict but, rather, only that there is reason to doubt that some documents in the exhibits are what Zaragon claims them to be. There is no reason to believe that Zaragon has failed to state a claim because it attached potentially irrelevant documents to its complaint.

This portion of Indian Harbor's motion is therefore denied. The court grants Zaragon's request for leave to file an amended complaint that does not include exhibits relating to policies that are not pertinent to this case.

### B. Conflict of Laws

Indian Harbor's primary argument for dismissing Counts II and III is that Kentucky law controls the insurance contract and, therefore, claims premised on Illinois law must fail. In response, Zaragon maintains that Illinois law applies. The applicable substantive law is therefore dispositive of Indian Harbor's motion. To determine which substantive law is applicable, a federal court sitting in diversity looks to the conflict of laws rules of the forum state. *Jupiter Aluminum Corp.* v. *Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000).

Illinois courts follow a "most significant contacts" test when a contract lacks a choice of law provision. *Id.* The test takes into account "the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational

relationship to the general contract." *Lapham-Hickey Steel Corp.* v. *Protection Mut. Ins. Co.*, 166 Ill. 2d 520, 655 N.E.2d 842, 845, 211 Ill. Dec. 459 (Ill. 1995)); *accord Jupiter Aluminum Corp.*, 225 F.3d at 873. A court must consider all these factors, but "the location of the insured risk will be given greater weight than any other single contact in determining the state of the applicable law." *Soc'y of Mount Carmel* v. *Nat'l Ben Franklin Ins. Co. of Ill.*, 268 Ill. App. 3d 655, 205 Ill. Dec. 673, 643 N.E.2d 1280, 1287 (Ill. App. Ct. 1st Dist. 1994) (citing Restatement (Second) of Conflict of Laws § 193, cmt. b (1971)); *accord Jupiter Aluminum Corp.*, 225 F.3d at 874–75. The rationale behind this rule is the location's importance in determining the extent of the risk and the cost of the policy, as well as the natural interest held by the state where the risk is located in determining issues arising under the insurance contract. *See* Restatement (Second) of Conflict of Laws § 193, cmt. c.

Indian Harbor argues that because the insured risk—the apartment buildings—is located in Kentucky, Kentucky law applies. Zaragon responds that Illinois has a more significant relationship, because the contract was signed and delivered in Illinois and because Zaragon and its subsidiary are Illinois domiciliaries. The Seventh Circuit's analysis in *Jupiter Aluminum* is instructive. In that case, the loss was suffered by an Illinois company. 225 F.3d at 874. The policy was signed and delivered by an Illinois company and purchased from an Illinois-based broker. *Id.* Nevertheless, the Seventh Circuit held that Indiana law must govern, because the insured risk was located exclusively in Indiana. *Id.* The case presently before the court is strikingly similar. While contacts with Illinois certainly exist, the location of the insured risk is more significant.

Thus, because Kentucky has the most significant contacts with the insurance policy, Illinois conflict of law rules dictate that Kentucky law applies.  As a result, Indian Harbor's motion to dismiss Counts II and III with prejudice is granted.

## II.  Motion for More Definite Statement

Indian Harbor also moves for a more definite statement pursuant to Rule 12(e).  Because the court is granting Indian Harbor's motion to dismiss Counts II and III, it reaches Indian Harbor's motion for more definite statement only with respect to Count I.

Motions for more definite statement are generally disfavored.  *Moore* v. *Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 559 (N.D. Ill. 1994).  In order to comply with the notice pleading standard set forth in Rule 8(a)(2), a pleading need only contain, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion for more definite statement should be granted "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."  Fed. R. Civ. P. 12(e) advisory committee note.  For a contract claim, a more definite statement is required when "defendants can only guess to what conduct and contract(s) [an] allegation refers." *Jackson Nat. Life Ins. Co.* v. *Gofen & Glossberg, Inc.*, 882 F. Supp. 713, 726 (N.D. Ill. 1995) (citing *Khalid Bin Talal, Etc.* v. *E.F. Hutton & Co.*, 720 F. Supp. 671, 686 (N.D. Ill. 1989)).

Indian Harbor argues that Zaragon's allegations are too vague to allow it to form a responsive pleading.  Count I of Zaragon's complaint clearly discusses the Indian Harbor insurance policy, the damage to the insured property, the process of making the claim, and Indian Harbor's subsequent denial of the claim.  Count I also alleges that "as a direct or

proximate result of the wrongful acts or omissions on the part of Defendant, Plaintiff has become liable for large sums of money for repair and rehabilitation for it[]s buildings . . . resulting in economic damages to the Plaintiff."  Compl. at 2.

There can be no reasonable confusion as to what conduct and contract Zaragon's complaint refers.  Count I clearly discusses the specific property insured, as well as the dates of the damage and claims.  While Count I does not specify the legal theory on which it relies, Rule 8(a) notice pleading puts plaintiff under no obligation to plead legal theories in its complaint. *See Vincent* v. *City Colleges of Chi.*, 485 F.3d 919, 923 (7th Cir. 2007).  Indeed, Rule 8 is a deliberate departure from code-pleading's demand on plaintiffs "to identify, and plead specifically to, each ingredient of a sound legal theory."  *Doe* v. *Smith*, 429 F.3d 706, 708 (7th Cir. 2005).  Zaragon lays out all the facts and conduct necessary for Indian Harbor to form a responsive pleading.  Furthermore, Indian Harbor's motions and reply brief indicate that it is fully aware of which insurance policy is at issue in Zaragon's complaint.  *See, e.g.*, Def.'s Mot. to Dismiss ¶ 11.  If Indian Harbor believes that Zaragon's proof does not meet the relevant legal requirements, it may raise that issue in a motion for summary judgment.

## III.  Motion to Strike

Indian Harbor moves to strike portions of the exhibits attached to Zaragon's complaint that Indian Harbor deems immaterial, as well as any references to Illinois law.  Because the court agrees that Kentucky law applies and dismisses Counts II and III of Zaragon's complaint, the court considers Zaragon's motion to strike only with respect to the allegedly immaterial exhibits.

A court generally engages in a two-part inquiry when considering a motion to strike based on immateriality. The challenged pleading must be (1) immaterial and (2) prejudicial to the moving party. *See Capitol Indem. Corp.* v. *Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992) (citing *U.S. Dental Inst*. v. *Am. Ass'n of Orthodontists*, 396 F. Supp. 565, 583 (N.D. Ill. 1975)); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (2008). Although Indian Harbor has presented an argument that the allegedly extraneous exhibits are immaterial, it does not explain how it is prejudiced by the exhibits. Furthermore, Zaragon's amended complaint should resolve any remaining questions of materiality or prejudice. Thus, because there is no demonstration of prejudice and because the issues raised by the motion to strike will be otherwise resolved, Indian Harbor's motion to strike is denied.

## CONCLUSION

For the reasons discussed above, Indian Harbor's motion to dismiss is granted in part and denied in part. Counts II and III are dismissed with prejudice. Indian Harbor's motion for more definite statement is denied. Indian Harbor's motion to strike is denied. Zaragon's request for leave to file an amended complaint is granted, and Zaragon is directed to file by May 8, 2008 an amended complaint that does not include as exhibits any documents that are not relevant to the insurance policy at issue in this case.

Dated: April 25, 2008                    Enter: _____

                                                     JOAN HUMPHREY LEFKOW
                                                     United States District Judge