UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZARAGON HOLDINGS, INC., an Illinois corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>INDIAN HARBOR INSURANCE CO., a Connecticut corporation, )<br><br>Defendant. ) | No. 1:08-CV-00111<br>Honorable Joan H. Lefkow |

### AMENDED COMPLAINT AT LAW

Plaintiff, Zaragon Holdings, Inc, an Illinois corporation ("Zaragon"), by its attorneys, Geleerd Law Group, LLC, for its Complaint at Law against Defendant, Indian Harbor Insurance Co., a Connecticut corporation ("Indian Harbor") alleges and states as follows:

### COUNT I
### (Property Damage)

1.    At all times complained of herein, Defendant, Indian Harbor, was and still is a Connecticut corporation, organized under the laws of Connecticut, licensed in the State of Illinois to engage in the sale of insurance policies, doing business in the State of Illinois, and engaged, *inter alia*, in the business of underwriting and issuing insurance policies covering losses due to property damage.

2.    Prior to September 23, 2006, Defendant, Indian Harbor, in consideration of premiums paid, issued and sold a policy of insurance ("the policy") to Zaragon for it's subsidiary entity and beneficiary thereof & thereunder, namely Brahms Associates, LLC, an Illinois Limited Liability Company, the title owner of Regent Park Apartments, 9400 Hurstbourne Park Boulevard, Louisville, Kentucky, specifically the buildings at 9403, 9414 and 9419, covering for property damage sustained by its insured, Zaragon from incidents for related losses covering the period from August 15, 2006 to August 15, 2007. Said policy provided for property damage coverage in the amount of the loss. Pertinent provisions of the insurance policy are attached hereto and incorporated by reference herein and throughout as Exhibit "A".

3.    At all times herein complained of, Plaintiff was a named beneficiary of the policy issued by Defendant, Indian Harbor.

4. On or about September 23, 2006 ("incident"), when the policy was in full force and effect, Plaintiff's property, specifically the buildings at 9403, 9414 and 9419 were damaged by driving rain that started on Friday, September 22, 2006 and ended late on Saturday, September 23, 2006.

5. That on the date of the incident, Plaintiff was a named beneficiary under the policy issued by Defendant, Indian Harbor. The limits of coverage for the loss claimed by Plaintiff for property damage sustained in the incident, under the Defendant, Indian Harbor's policy, were adequate and sufficient to provide for the loss.

6. Following the incident, Plaintiff made a claim for coverage with Defendant, Indian Harbor, in the amount of the actual damages sustained, the same being equal to the amount of the repairs and rehabilitation necessary to repair and restore the buildings at 9403, 9414 and 9419 following the loss sustained as a result of the incident, in accord with the insurance provision of the policy. Included in Plaintiff's demand to Defendant were Plaintiff's items of damages sustained for Defendant's consideration, a true and correct summarized copy of Plaintiff's itemized damages claim is attached hereto and incorporated by reference herein as Exhibit "B".

7. On December 5, 2006, Defendant, Indian Harbor, through its agent, U.S. Adjustment Corp, denied Plaintiff's Claim for coverage. A true and correct copy of the denial is attached hereto and incorporated herein as Exhibit "C."

8. As a direct and proximate result of Defendant's conduct herein, specifically, its refusal to pay Plaintiff's claim, Plaintiff's claim for insurance compensation has not been resolved.

9. That as a direct and proximate result of the wrongful acts or omissions on the part of Defendant, Plaintiff has become liable for large sums of money for repair and rehabilitation for it's buildings at 9403, 9414 and 9419, resulting in economic damages to the Plaintiff.

10. Plaintiff complied with its obligations pursuant to the policy of insurance with Defendant.

11. Plaintiff, pursuant to the policy of insurance is entitled to fair and just coverage for the property damages sustained.

WHEREFORE, Plaintiff, Zaragon Holdings, Inc, an Illinois corporation, by its attorneys, Geleerd Law Group, LLC, hereby demands judgment against Defendant, Indian Harbor Insurance Co., a Connecticut corporation, in an amount in excess of $75,000.00 (Fifty thousand dollars), plus the costs of bringing this suit which its proofs will allow.

## COUNT II
### (Breach of Contract)

1. - 11.    Plaintiff re-alleges and adopts paragraphs 1 through 11 of Count I as and for paragraphs 1 through 11 of Count II, as if fully set forth herein verbatim and further alleges as follows.

12.    Plaintiff complied with all of the terms of the policy.

13.    Defendant is contractually obligated to pay Plaintiff the full amount of its claim for Plaintiff's complained of loss.

14.    Although timely requested to do so, Defendant failed and refused, and still fails and refuses, to pay Plaintiff the full amount of its loss.

15.    Defendant breached its obligations under the terms of the policy by failing to pay Plaintiff the full amount of its claim for Plaintiff's complained of loss.

16.    As a direct and proximate result of Defendant's breach of contract, Plaintiff's claim for insurance compensation has not been resolved and Plaintiff sustained damages.

17.    There was in full force and effect at all times herein complained of a statute in the State of Kentucky that provides in pertinent part as follows:

> It is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:
>
> (1)    Misrepresenting pertinent facts of insurance policy provisions relating to coverages at issue;
>
> (4)    Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> (6)    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

304.12-230

18.    There was in full force and effect at all times herein complained of a statute in the State of Kentucky that provides in pertinent part as follows:

> (1)    For any violation of this code where the executive director has the power to revoke or suspend a license or certificate of authority he may in lieu thereof or in addition to such revocation or suspension impose a civil penalty against the violator in the case of an insurer, of not more than ten thousand dollars ($10,000.00) per violation;

  (3)  In any court action with respect to a civil penalty, the court may review the penalty as to both liability and reasonableness of amount.

304.99-020

  19  Defendant, despite its obligations to act in compliance with applicable Kentucky law, violated said law to the detriment of Plaintiff, as follows:

  a.  Misrepresented pertinent facts of insurance policy provisions relating to coverages at issue;

  b.  Refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information; and

  c.  Failed to attempt in good faith a fair and equitable settlements of Plaintiff's claim in which liability has become reasonably clear.

  WHEREFORE, Plaintiff, Zaragon Holdings, Inc, an Illinois corporation, by its attorneys, Geleerd Law Group, LLC, hereby demands judgment against Defendant, Indian Harbor Insurance Co., a Connecticut corporation, in an amount in excess of $75,000.00, plus the costs of bringing this suit which its proofs will allow, plus the statutory penalty, plus reasonable attorneys fees which its proofs will allow.

              ZARAGON HOLDINGS, INC., an
              Illinois corporation

              GELEERD LAW GROUP, LLC

              _____

Guy Delson Geleerd, Jr.
GELEERD LAW GROUP, LLC
30 North LaSalle Street - Suite 3400
Chicago, Illinois 60602
Tel. 312-960-0007