IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZARAGON HOLDINGS, INC., an Illinois Corporation,

Plaintiff,

vs.

INDIAN HARBOR INSURANCE COMPANY, a North Dakota Corporation,

Defendant.

Case No.: 08cv111

**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant INDIAN HARBOR INSURANCE COMPANY (hereinafter, "Indian Harbor"), by and through its attorneys, McDonald & McCabe, LLC, and as its Answer to Plaintiff ZARAGON HOLDINGS, INC.'S Second Amended Complaint and Affirmative Defenses states as follows:

**COUNT I**
**(Property Damage)**

1. At all times complained of herein, Defendant, Indian Harbor, was and still is a Connecticut corporation, organized under the laws of Connecticut, licensed in the State of Illinois to engage in the sale of insurance policies, doing business in the State of Illinois, and engaged, *inter alia*, in the business of underwriting and issuing insurance policies covering losses due to property damage.

**Answer:** Indian Harbor denies that it is a Connecticut corporation. Further answering Paragraph 1, Indian Harbor admits it is organized under the laws of North Dakota, with its principal place of business in Connecticut. Indian Harbor further admits it that underwrites insurance policies

pursuant to its status as a surplus line carrier registered with the Division of Insurance of the State of Illinois. To the extent that Paragraph 1 contains any additional factual allegations directed to Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 1.

2. Prior to September 23, 2006, Defendant, Indian Harbor, in consideration of premiums paid issued and sold a policy of insurance ("the policy") to Zaragon for it's subsidiary Liability Company, the title owner of Regent Park Apartments, 9400 Hurstbourne Park Boulevard, Louisville, Kentucky, specifically the buildings at 9403, 9414 and 9419, covering for property damage sustained by its insured, Zaragon from incidents for related losses covering the period from August 15, 2006 to August 15, 2007. Said policy provided for property damage coverage in the amount of the loss. Pertinent provisions of the insurance policy are attached hereto and incorporated by reference herein and throughout as Exhibit "A".

**Answer:** Indian Harbor denies that it "sold" a property insurance policy to Zaragon Holdings, Inc. Further answering Paragraph 2, Indian Harbor admits that it underwrote the property insurance policy that is the subject of this action, policy no. FCI 003 8380, subject to all of the terms and conditions contained therein, for the buildings at 9400 Hurstbourne Park Boulevard, Louisville, Kentucky, with effective dates August 15, 2006 to August 15, 2007. Indian Harbor denies Paragraph 2 to the extent that Paragraph 2 implies that the loss that is the subject of this action is a covered loss. Indian Harbor further denies that pertinent policy provisions have been attached to the Second Amended Complaint as Exhibit A. To the extent that Paragraph 2 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 2.

3. At all times herein complained of Plaintiff was a named beneficiary of the policy issued by Defendant, Indian Harbor.

**Answer:** Indian Harbor admits that Zaragon Holdings, Inc., was the "Named Insured" of property policy no. FCI 003 8380. To the extent that Paragraph 3 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 3.

4. On or about September 23, 2006 ("incident"), when the policy was in full force and effect, Plaintiff's property, specifically the buildings at 9403, 9414 and 9419 were damaged by driving rain that started on Friday, September 22, 2006 and ended late on Saturday, September 23, 2006.

**Answer:** Indian Harbor admits property policy no. FCI 003 8380 was in force on September 23, 2006, subject to all terms and conditions therein. Indian Harbor denies that the alleged rain damaged Zaragon Holdings, Inc.'s property. To the extent that Paragraph 4 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 4.

5. That on the date of the incident, Plaintiff was a named beneficiary under the policy issued by Defendant, Indian Harbor. The limits of coverage for the loss claimed by Plaintiff for property damage sustained in the incident, under the Defendant, Indian Harbor's policy were adequate and sufficient to provide for the loss.

**Answer**: Indian Harbor admits Zaragon Holdings, Inc., was the "Named Insured" of property policy no. FCI 003 8380 on the date of the alleged incident and that the policy's limits exceeded the amount Zaragon Holdings, Inc. has claimed. Indian Harbor denies Paragraph 5 to the extent that Paragraph 5 implies that the loss that is the subject of this action is a covered loss. To the extent that Paragraph 5 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 5.

6. Following the incident, Plaintiff made a claim for coverage with Defendant, Indian Harbor, in the amount of the actual damages sustained, the same being equal to the amount of the repairs and rehabilitation necessary to repair and restore the buildings at 9403, 9414 and 9419 following the loss sustained as a result of the incident in accord with the insurance provision of the policy. Included in Plaintiff's demand to Defendant were Plaintiff's items of damages sustained for Defendant's consideration, a true and correct summarized copy of Plaintiff's itemized damages claim is attached hereto and incorporated by reference herein as Exhibit "B".

**Answer**: Indian Harbor admits Zaragon Holdings, Inc., submitted a claim for property damage allegedly arising out of the rains of September 22, 2006 and September 23, 2006. Further answering, Indian Harbor denies that the property damage claim submitted reflects the amount of property damage Zaragon Holdings, Inc. suffered as a result of the alleged incident. Indian Harbor denies that the claim submitted reflects property damage Zaragon Holdings, Inc. suffered that occurred as a result of the alleged incident. Indian Harbor further denies that Zaragon Holdings, Inc.'s itemized damages are attached to the Second Amended Complaint as Exhibit B.

To the extent that Paragraph 6 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 6.

7. On December 5, 2006, Defendant, Indian Harbor, through its agent, U.S. Adjustment Corp. denied Plaintiff's Claim for coverage. A true and correct copy of the denial is attached hereto and incorporated herein as Exhibit "C".

**Answer:** Indian Harbor admits it denied coverage through U.S. Adjustment Corp, Indian Harbor's third party administrator. Indian Harbor denies that a copy of the denial is attached to the Second Amended Complaint as Exhibit C. To the extent that Paragraph 7 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 7.

8. As a direct and proximate result of Defendant's conduct herein, specifically, its refusal to pay Plaintiff's claim, Plaintiff's claim for insurance compensation has not been resolved.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 8.

9. That as a direct and proximate result of the wrongful acts or omissions on the part of Defendant, Plaintiff has become liable for large sums of money for repair and rehabilitation for it's buildings at 9403, 9414 and 9419, resulting in economic damages to the Plaintiff.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 9.

10. Plaintiff complied with its obligations pursuant to the policy of insurance with Defendant.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 10.

11. Plaintiff, pursuant to the policy of insurance is entitled to fair and just coverage for the property damage sustained.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 11.

WHEREFORE Defendant, Indian Harbor Insurance Company, denies that Plaintiff Zaragon Holdings, Inc. is entitled to judgment against it in any amount whatsoever and prays for judgment in its favor including all recoverable fees and costs.

**COUNT II**
**(Breach of Contract)**

1.-11. Plaintiff re-alleges and adopts paragraphs I through II of Count I as and for paragraphs I through II of Count II, as if fully set forth herein verbatim and further alleges as follows.

**Answer:** Indian Harbor reincorporates its Answers to Paragraphs 1 through 11 of Count I as its Answer to Paragraphs 1 through 11 of its Count II.

12. Plaintiff complied with all of the terms of the policy.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 12.

13. Defendant is contractually obligated to pay Plaintiff the full amount of its claim for Plaintiff's complained of loss.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 13.

14. Although timely requested to do so, Defendant failed and refused, and still fails and refuses, to pay Plaintiff the full amount of its loss.

**Answer:** Indian Harbor admits that it has not paid any amounts for Zaragon Holdings, Inc.'s alleged property damage. Further answering Paragraph 14, Indian Harbor denies Paragraph 14 to the extent that Paragraph 14 implies that the alleged property damage that is the subject of this action is a covered loss. To the extent that Paragraph 14 contains any additional factual allegations directed at Indian Harbor, Indian Harbor denies all additional factual allegations, express or implied, contained in Paragraph 14.

15. Defendant breached its obligations under the terms of the policy by failing to pay Plaintiff the full amount of its claim for Plaintiff's complained of loss.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 15.

16. As a direct and proximate result of Defendant's breach of contract, Plaintiff's claim for insurance compensation has not been resolved and Plaintiff sustained damages.

**Answer:** Indian Harbor denies each and every allegation contained in Paragraph 16.

17. There was in full force and effect at all times herein complained of a statute in the State of Kentucky that provides in pertinent part as follows.

It is an unfair claims settlement practice for any person to commit or perform any of the following acts or omissions:

(1) Misrepresenting pertinent facts of insurance policy provisions relating to coverages at issue;

(4) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear:

304.12-230

**Answer:** Paragraph 17 states a legal conclusion and does not contain a factual allegation directed to Indian Harbor. To the extent that Paragraph 17 contains any factual allegations directed at Indian Harbor, Indian Harbor denies all factual allegations, express or implied, contained in Paragraph 17, including all subparts.

18. Defendant, despite its obligations to act in compliance with applicable Kentucky law, violated said law to the detriment of Plaintiff, as follows;

a. Misrepresented pertinent facts of insurance policy provisions relating to coverages at issue;

b. Refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information; and

c. Failed to attempt in good faith a fair and equitable settlements of Plaintiff's claim in which liability has become reasonably clear.

**Answer:** Paragraph 18 states a legal conclusion and does not contain a factual allegation directed to Indian Harbor. To the extent that Paragraph 18 contains any factual allegations directed at Indian Harbor, Indian Harbor denies all factual allegations, express or implied, contained in Paragraph 18, including all subparts.

WHEREFORE Defendant, Indian Harbor Insurance Company, denies that Plaintiff Zaragon Holdings, Inc. is entitled to judgment against it in any amount whatsoever and prays for judgment in its favor including all recoverable fees and costs.

## AFFIRMATIVE DEFENSES

As its affirmative defenses herein, Defendant Indian Harbor Insurance Company alleges that it fully complied with and acted on all of the obligations due under the terms of Property Policy no. FCI 003 8380 (the "Policy") and pertinent statutes:

## FIRST AFFIRMATIVE DEFENSE
**(Fortuity)**

1. The alleged loss that is the subject of this litigation was not fortuitous, was already in progress, or was or should have been known to Zaragon Holdings, Inc. prior to the time at which Zaragon Holdings, Inc. entered into the contract for insurance with Indian Harbor.

2. Therefore, the doctrine of fortuity bars Zaragon Holdings, Inc.'s claim for coverage, and Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever for its alleged damages.

## SECOND AFFIRMATIVE DEFENSE
**(Excluded Cause - Water)**

3. On September 23, 2006, there was a commercial property insurance Policy, no. FCI 003 8380, for which Zaragon Holdings, Inc., was the Named Insured, which is attached as Exhibit A.

4. The Policy contained the following pertinent exclusionary provision in the Causes of Loss – Special Form (CP 10 30 04 02):

> **B. Exclusions**
>
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
>
> * * *
>
> **g. Water**
>
> **(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>
> * * *
>
> **(3)** Water that backs up or overflows from a sewer, drain, or sump, or
>
> **(4)** Water under the ground surface pressing on, or flowing or seeping through:
>
> **(a)** Foundations, walls, floors, or paved surfaces;
>
> **(b)** Basements, whether paved or not; or,
>
> **(c)** Doors, windows or other openings.

5. The alleged Incident occurred when, during a period of alleged heavy rain, surface water or water that backed up or overflowed from a sewer or drain entered Zaragon

Holdings, Inc.'s building, or water under the surface of the ground seeped through the foundations, walls, floors, paved surfaces, basements, or openings in the buildings.

6. The damages allegedly caused to Zaragon Holdings, Inc.'s property, other than damage to the roofs, were caused by or exacerbated by water and falls within the exclusions contained in section **B.1.g** of the Causes of Loss – Special Form of the Policy.

7. Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever to the extent that Zaragon Holdings, Inc.'s damages resulted from a cause specifically excluded by the Policy.

**THIRD AFFIRMATIVE DEFENSE**
**(Excluded Cause – Wear and Tear, Deterioration)**

8. On September 23, 2006, there was a commercial property insurance Policy, no. FCI 003 8380, for which Zaragon Holdings, Inc., was the Named Insured, which is attached as Exhibit A.

9. The Policy contained the following pertinent exclusionary provision in the Causes of Loss – Special Form (CP 10 30 04 02):

> **B. Exclusions**
>
> * * *
>
> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> * * *
>
> **d.** **(1)** Wear and tear;
>
> **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

10. Any alleged damages to the roofs of Zaragon Holdings, Inc.'s buildings occurred due to wear and tear or deterioration of the roof.

11. The damages allegedly caused to Zaragon Holdings, Inc.'s roofs were caused by or exacerbated by wear and tear or deterioration and falls within the exclusions contained in section **B.2.d** of the Causes of Loss – Special Form of the Policy.

12. Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever to the extent that Zaragon Holdings, Inc.'s damages resulted from a cause specifically excluded by the Policy.

## FOURTH AFFIRMATIVE DEFENSE
## (Excluded Cause – Faulty Repair or Maintenance)

13. On September 23, 2006, there was a commercial property insurance Policy, no. FCI 003 8380, for which Zaragon Holdings, Inc., was the Named Insured, which is attached as Exhibit A.

14. The Policy contained the following pertinent exclusionary provision in the Causes of Loss – Special Form (CP 10 30 04 02):

> **B. Exclusions**
>
> * * *
>
> **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> * * *
>
> **(c)** Faulty, inadequate or defective:

* * *

**(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

**(3)** Materials used in repair, construction, renovation or remodeling; or

**(4)** Maintenance;

of part or all of any property on or off the described premises.

15. The damages allegedly caused to Zaragon Holdings, Inc.'s roofs were caused by or exacerbated by faulty, inadequate or defective repair, materials used in repair, or maintenance and falls within the exclusions contained in section **B.3.c** of the Causes of Loss – Special Form of the Policy.

16. Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever to the extent that Zaragon Holdings, Inc.'s damages resulted from a cause specifically excluded by the Policy.

**FIFTH AFFIRMATIVE DEFENSE**
**(Excluded Cause – Weather)**

17. On September 23, 2006, there was a commercial property insurance Policy, no. FCI 003 8380, for which Zaragon Holdings, Inc., was the Named Insured, which is attached as Exhibit A.

18. The Policy contained the following pertinent exclusionary provision in the Causes of Loss – Special Form (CP 10 30 04 02):

**B. Exclusions**

* * *

> **3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
>
> **(a)** Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

19. The damages allegedly caused to Zaragon Holdings, Inc.'s property were caused by or exacerbated when weather contributed to damage occasioned by water, excluded by section **B.1.g** of the Causes of Loss – Special Form of the Policy, and falls within the exclusions contained in section **B.3.a** of the Causes of Loss – Special Form of the Policy.

20. Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever to the extent that Zaragon Holdings, Inc.'s damages resulted from a cause specifically excluded by the Policy.

## SIXTH AFFIRMATIVE DEFENSE
### (Manifestation)

21. The Policy, no. FCI 003 8380, had effective dates of August 15, 2006, through August 15, 2007.

22. The alleged damage to the roof manifested itself prior to the effective dates of the Policy.

23. Indian Harbor has no obligation under the Policy, no. FCI 003 8380, to pay Zaragon Holdings, Inc. any amounts whatsoever to the extent that its alleged damages manifested prior to the effective date of the Policy.

WHEREFORE, Defendant, INDIAN HARBOR INSURANCE COMPANY, prays that this Court enter judgment in its favor and against Plaintiff ZARAGON HOLDINGS, INC., including the assessment of all recoverable costs against Zaragon Holdings, Inc., and specifically find as follows:

(a) Indian Harbor does not owe any obligation to Zaragon Holdings, Inc. under commercial property Policy no. FCI 003 8380 to pay for Zaragon Holdings, Inc.'s claimed damages;

(b) Indian Harbor had a reasonable cause to deny Zaragon Holdings, Inc.'s claim under the Policy, no. FCI 003 8380;

(c) Indian Harbor's denial of Zaragon Holdings, Inc.'s claim did not breach the Policy, no. FCI 003 8380, or violate Kentucky law; and

(d) Zaragon Holdings, Inc. is not entitled to any damages against Indian Harbor.

Respectfully submitted,

INDIAN HARBOR INSURANCE COMPANY

s/ Nicholas R. Novak on behalf of Thomas A. McDonald
Nicholas R. Novak on behalf of Thomas A. McDonald

Thomas A. McDonald
Nicholas Novak
McDonald & McCabe, LLC
225 West Wacker Drive, Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (Fax)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of July, 2008, a copy of the foregoing

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

Indian Harbor Insurance Company

s/ Nicholas R. Novak on behalf of Thomas A. McDonald
Nicholas R. Novak on behalf of Thomas A. McDonald

Thomas A. McDonald
Nicholas R. Novak
McDonald & McCabe, LLC
225 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 845-5190
(312) 845-5825 (fax)