**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ZARAGON HOLDINGS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08-CV-111** |
| **vs.** | ) | |
| | ) | **Judge Joan H. Lefkow** |
| **INDIAN HARBOR INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Zaragon Holdings, Inc. ("Zaragon") filed a fourth amended two-count complaint against

Indian Harbor Insurance Company ("Indian Harbor"), alleging that Indian Harbor wrongfully

denied an insurance claim for storm damage to an apartment complex that occurred in September

2006.  The court previously granted partial summary judgment to Indian Harbor on Zaragon's

breach of contract claim in Count I regarding damage to ground floor units and the pool cover,

and on Zaragon's claim under Kentucky statutory and common law for bad faith settlement

practices in Count II.  Now before the court is Indian Harbor's motion for summary judgment on

Zaragon's  claim for coverage of damage to the roofs as a result of the storm.  For the reasons

stated below, the motion [#120] is granted.

## BACKGROUND[1]

Indian Harbor is in the business of underwriting and issuing insurance policies covering

losses due to property damage.  Indian Harbor issued an insurance policy to Zaragon covering

the Regent Park Apartment complex in Louisville, Kentucky owned by a Zaragon subsidiary.

---

[1] The facts set forth in this section are derived from the statements of fact submitted by the parties to the
extent they comport with Local Rule 56.1, as discussed *infra* at 5–6.

The policy ran from August 15, 2006 to August 15, 2007.  Under this policy, Indian Harbor agreed to cover the direct physical loss of or damage to buildings in the apartment complex, including, as relevant here, Buildings 9403, 9414, and 9419.  Loss or damage caused by or resulting from wear and tear and deterioration was excluded from coverage.  On or about September 22, 2006, a storm passed through Louisville that continued into the next day.  The Regent Park Apartments suffered damage during the storm.  Zaragon submitted a claim to Indian Harbor for damage it claims was directly caused by the storm, including damage to portions of the roofs of Buildings 9403, 9414, and 9419.

## I.       Condition of the Roofs Prior to the Storm

Zaragon purchased the Regent Park Apartments in 2002.  Prior to completing the purchase, it commissioned an evaluation of the apartment complex.  The resultant report advised Zaragon that several roofs were leaking and that the roofs had exceeded their usable life and should be replaced.  The report specifically identified the roof of Building 9419 as being in need of immediate replacement.  After purchasing the Regent Park Apartments, Zaragon sought bids to replace the majority of the roofs.

Zaragon received proposals and estimates to replace the roofs of Buildings 9403 and 9419 but did not replace either roof prior to September 2006.  The roof on Building 9403 was repaired five times between November 2004 and September 2006.  Building 9414's roof was repaired in March and September 2003 and February 2006.  Building 9419's roof was repaired in both 2004 and April 2006.  Several of these repairs were due to blown up shingles, which is a sign of age and deterioration.  Between repairs of the roofs, tenants in each of the buildings complained of roof leaks.

## II.    Condition of the Roofs Following the Storm

Following the storm, Zaragon requested an estimate for the cost to replace the roofs from Chip Cunningham, a local roofer.  Despite receiving these estimates, Zaragon did not act immediately to replace the roofs.  Building 9414's roof was replaced on June 13, 2007, almost nine months after the storm.  In the interim, one tenant complained of leaking in that building on May 16, 2007 after another rain storm had passed through Louisville.

Between September 2006 and April 2008, Zaragon received four complaints from residents about water leaking into apartments in Building 9403.  The first of these complaints was received in September 2007 after another instance of heavy rain.  Building 9403's roof underwent minor repairs on October 30, 2007, December 20, 2007, and April 9, 2008.  On April 25, 2008, new shingles were put on Building 9403's roof.[2]

Zaragon received three complaints about the roof leaking in Building 9419 after the storm, but the first did not occur until thirteen months later, on October 24, 2007.  Louisville had received 6.84 inches of rain over the previous two days.  Minor roof repairs were undertaken on October 30, 2007 and December 20, 2007.  The roof of Building 9419 was finally replaced on April 25, 2008.

## III.    Indian Harbor's Claim Investigation

Following Zaragon's claim for coverage, Indian Harbor retained an independent adjuster, Benjamin Barnes, to investigate whether the damage was caused by the September 2006 storm. Barnes inspected the property and interviewed Zaragon's employees and Cunningham, its roofer. Cunningham has admitted that the roofs needed replacement because of age.  Barnes did not

---

[2] Zaragon only made a claim for the new shingles and not for the intervening minor repairs.

observe any wind or hail damage to the roofs of Buildings 9403, 9414, or 9419. Barnes concluded that the damage to the roofs was a result of their age and deterioration. Based on this conclusion, Indian Harbor denied Zaragon's claim on December 5, 2006.

## LEGAL STANDARD

Summary judgment is proper where the movant is entitled to judgment as a matter of law because "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). In determining whether there is such a genuine issue of fact, the court must "construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley* v. *City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (citation omitted) (internal quotation marks omitted).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). This burden is satisfied and summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. To avoid summary judgment, the non-moving party must therefore go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. This means that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd.* v. *Zenith Radio*

*Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). In other words, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

## ANALYSIS

### I.      Compliance with Local Rule 56.1

Before reaching the merits of the parties' motions for summary judgment, the court will address certain deficiencies in Zaragon's Local Rule 56.1 Statement and Response. Local Rule 56.1(a) requires the party seeking summary judgment to submit, among other things, a statement of material facts, which consists of short, numbered paragraphs and specific references within each paragraph to the affidavits, parts of the record, and other supporting materials relied on to support the facts set forth in each paragraph. L.R. 56.1(a)(3). The non-moving party must then submit a concise response to the movant's statement of facts. L.R. 56.1(b)(3). Material facts improperly denied by the non-moving party are deemed admitted by the court. *Id.*

While Zaragon's response to Indian Harbor's Statement of Uncontested Facts comes closer to conforming to Local Rule 56.1 than that it submitted for the first motion for partial summary judgment filed in this case, it still falls short. Zaragon purports to deny or qualify certain of Indian Harbor's statements, but it has failed to provide any citations to the record that would support these denials or qualifications. Failure to properly respond to paragraphs of a Local Rule 56.1 statement with citations and documentation results in all material facts set forth in those paragraphs being deemed admitted to the extent supported by the record. L.R. 56.1(b)(3); *Smith* v. *Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] mere disagreement with the

movant's asserted facts is inadequate if made without reference to specific supporting material.").  Zaragon has also admitted that several paragraphs of Indian Harbor's statement are true but "taken out of context and restricted in [their] veracity."  *See, e.g.*, Pl.'s Resp. to Def.'s Statement of Facts ¶ 15.  Such narrative admissions are similarly improper.  *See Ammons* v. *Aramark Unif. Servs., Inc.*, 368 F.3d 809, 818 (7th Cir. 2004).  Because the court is entitled to expect strict compliance with Local Rule 56.1, *id.* at 817, it deems ¶¶ 15, 23, 24, 32, 33, 36, and 43 admitted.  *See Smith*, 321 F.3d at 683 (ruling that the district court acted within its discretion when it deemed defendant's statement of facts admitted because the plaintiff failed to support controverted or additional facts with citations to admitted evidence); *Jupiter Aluminum Corp.* v. *Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission." (citation omitted)); *Waldridge* v. *Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994) (ruling that the district court acted within its discretion in granting summary judgment to defendant based on plaintiff's failure to comply with Local Rule 56.1).

Additionally, Local Rule 56.1 requires Zaragon to provide a concise statement of additional facts requiring the denial of summary judgment and to provide references to the record to support these facts.  *See, e.g.*, *Schmidt* v. *Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010) ("The local rule serves an important function by ensuring that the proposed findings of fact are in a form that permits the district court to . . . determine precisely what facts, if any, are material and disputed.").  As Zaragon did not do this, its narrative references to additional facts in its response brief will be disregarded.

II.     **Coverage for Damage to the Roofs**

Zaragon's only remaining claim seeks coverage for damage to the roofs of Buildings 9403, 9414, and 9419, allegedly caused by the September 2006 storm.  Indian Harbor argues that Zaragon cannot establish a prima facie case of insurance coverage because the damage was not caused by a fortuitous event but was instead a known loss.  Additionally, Indian Harbor asserts that even if Zaragon could establish a prima facie case of coverage, the insurance policy excludes damage caused by "wear and tear" and deterioration.  Finally, Indian Harbor contends that Zaragon cannot meet its burden to show the extent and degree of any damage sustained by the storm.

In order to recover under an all-risk insurance policy like the one in this case, Zaragon must demonstrate that the loss has occurred and that it was caused by a fortuitous event.  *Harbor House Condo. Ass'n* v. *Mass. Bay Ins. Co.*, 915 F.2d 316, 318 (7th Cir. 1990); *Aetna Cas. & Sur. Co.* v. *Commonwealth*, 179 S.W.3d 830, 836 (Ky. 2005).[3]  The fortuity doctrine excludes coverage where the insured "expects or intends the harm to occur, which substantially increases the risk of harm regardless of when the harm occurs."  *Pizza Magia Int'l.,LLC* v. *Assurance Co. of Am.*, 447 F. Supp. 2d 766, 775 n.6 (W.D. Ky. 2006).  The "known loss" doctrine excludes property losses which exist or are so probable or imminent at the time the parties enter into the insurance agreement.  *Id.* at 775.  Under Kentucky law, a loss is insurable only where the loss is sufficiently uncertain.  *Id.* at 776.

Zaragon has not submitted sufficient evidence to raise a genuine issue of material fact as to whether the damage to the roofs was fortuitous.  The report commissioned by Zaragon in 2002

---

[3] Kentucky substantive law applies to Zaragon's claim.  *See Zaragon Holdings, Inc.* v. *Indian Harbor Ins. Co.*, No. 08 CV 111, 2008 WL 1883472, at *5 (N.D. Ill. Apr. 25, 2008).

advised Zaragon that the roofs in question had exceeded their usable life and were in need of replacement years before the September 2006 storm. Zaragon had notice then of the immediate need for replacing the roof at Building 9419 and obtained an estimate for the replacement of the roofs at Buildings 9403 and 9419 in 2003. Despite numerous complaints from tenants about leaking roofs prior to the September 2006 storm, the roofs were not replaced until 2007 and 2008. Building 9403's roof was repaired five times in the two years preceding the storm. Building 9414's roof was repaired three times before the storm, and Building 9419's roof was repaired twice prior to the storm. Cunningham conceded during his deposition that the roofs needed to be replaced due to age. Zaragon argues that it would be able to present evidence from Cunningham that the roofs did not need to be replaced due to age but, as discussed above, it had the chance to present this evidence in response to Indian Harbor's motion and failed to properly do so. Cunningham's statement that the roofs did need to be replaced due to age has been deemed admitted. Based on this record, Zaragon has not shown that there is any genuine dispute as to whether the damage to the roofs was unexpected. Instead, the record shows that Zaragon knew several years prior to the storm that the roofs needed replacement. As a result, it cannot recover for the damage it claims to have suffered as a result of the September 2006 storm.[4]

---

[4] Because the court concludes that Zaragon cannot establish a prima facie case for coverage, Indian Harbor's other arguments need not be addressed.

## CONCLUSION AND ORDER

For the foregoing reasons, Indian Harbor's motion for summary judgment [#120] is granted. The clerk is directed to enter judgment for defendant. This case is terminated.

Dated: April 12, 2011                    ENTER: _____

                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge